******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BERT BRANDER *v.* TRISHA STODDARD,
TEMPORARY ADMINISTRATOR
(ESTATE OF LILY B. FREY),
ET AL.
(AC 38254)

Keller, Prescott and Beach, Js.

*Argued April 18—officially released June 6, 2017*

(Appeal from Superior Court, judicial district of
Litchfield, Marano, J.)

*Patrick E. Power*, for the appellant (plaintiff).

*John L. Laudati*, with whom, on the brief, were *P.
Jo Anne Burgh* and *Casey Walker*, pro hac vice, for the
appellees (defendants).

*Opinion*

PER CURIAM. In this action seeking to quiet title to a parcel of property located along the Farmington River in New Hartford, the plaintiff, Bert Brander, appeals from the judgment of the trial court finding in favor of the defendants, Trisha Stoddard, in her capacity as the temporary administrator for the estate of Lily B. Frey, and the Farmington River Watershed Association, Inc., on both counts of the operative complaint.[1] The plaintiff, who began using the disputed parcel in 1984 to graze sheep and grow hay, alleged that he acquired title through adverse possession or, in the alternative, had a prescriptive easement for its use. In response, the defendants argued that, for certain periods of time, the plaintiff's use of the property had been with the permission or implied consent of the owners. The matter was tried to the court, *Marano, J.*, over two days in February, 2015. On August 6, 2015, the court issued a memorandum of decision finding in favor of the defendants.

The plaintiff claims on appeal that the court improperly concluded that his use of the disputed property from 1984 to 1995 was not under a claim of right but, rather, was with the permission of the record owners at the time, Henry Frey and Lily Frey. The plaintiff also claims that the court improperly concluded that his use of the property from 2004 to 2006 was not under a claim of right, but was with the permission of the record owner, Lily Frey.

Having examined the record on appeal and having considered the briefs and the arguments of the parties, we conclude that the judgment of the trial court should be affirmed. Further, because the court thoroughly addressed in its memorandum of decision all of the arguments raised by the parties on appeal, we adopt that well reasoned decision as a proper statement of both the facts and the applicable law at issue. See *Brander* v. *Stoddard*, 173 Conn. App.    ,    A.3d    (2015) (appendix). Any further discussion by this court would serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010).

The judgment is affirmed.

[1] As found by the trial court, the disputed parcel was part of property originally purchased in 1967 by the plaintiff's uncle, Henry Frey, who in 1981 quitclaimed his interest to himself and his wife, Lily Frey. Henry Frey died in December, 2002, at which time title to the disputed parcel passed to Lily Frey. Lily Frey died in June, 2006. In her will, Lily Frey granted title to the disputed property to the Farmington River Watershed Association, Inc., which is named as a defendant along with the administrator of Lily Frey's estate.