# MICHAEL J. WOODRUFF *v.* TASHA HEMINGWAY
## (SC 18512)

Rogers, C. J., and Norcott, Katz, Palmer, Vertefeuille, Zarella and McLachlan, Js.*

Argued April 20—officially released July 6, 2010

* The listing of justices reflects their seniority status on this court as of the date of oral argument.

*David Compagnone,* for the appellant (plaintiff).

*Ronald D. Williams, Jr.,* for the appellee (defendant).

*Opinion*

PER CURIAM. This appeal arises from a negligence action brought by the plaintiff, Michael J. Woodruff,[1] against the sole defendant, Tasha Hemingway, resulting from an automobile accident in which the defendant, a state employee, caused the vehicle that she was driving to collide with the rear of the plaintiff's vehicle. The plaintiff now appeals from the judgment of dismissal rendered in favor of the defendant.[2] The trial court concluded that it lacked subject matter jurisdiction over the defendant because, at the time of the accident, she was protected by the grant of qualified immunity to state employees found in General Statutes § 4-165.[3] On

---

[1] The plaintiff's employer at the time of the accident, Carmen Anthony Restaurant Group, intervened as a plaintiff in the negligence action, seeking to recover the workers' compensation benefits that it paid to the plaintiff following the automobile accident with the defendant. Because the intervening plaintiff does not raise an argument on appeal, for convenience we refer only to Woodruff as the plaintiff.

[2] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we subsequently transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[3] General Statutes § 4-165 provides in relevant part: "(a) No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter.

"(b) For the purposes of this section, (1) 'scope of employment' includes but is not limited to . . . (F) military duty performed by the armed forces of the state while under state active duty . . . ."

appeal, the plaintiff claims that the trial court improperly determined that it lacked subject matter jurisdiction because: (1) General Statutes § 27-70,[4] when read in conjunction with General Statutes § 4-142 (2),[5] permits actions against armed forces personnel; (2) General Statutes § 52-556[6] exempts the defendant from immunity; and (3) the federal Servicemembers Civil Relief Act; 50 U.S.C. App. § 501 et seq. (act);[7] prevented the plaintiff from litigating his claim while the defendant was engaged in active military service. We disagree, and, accordingly, we affirm the judgment of the trial court.

The record reveals the following undisputed facts and procedural history. On December 13, 2006, the plaintiff and the defendant were involved in a motor vehicle accident when the front of the defendant's vehicle collided with the rear of the plaintiff's vehicle. Thereafter, the plaintiff brought the action underlying this

---

[4] General Statutes § 27-70 provides: "The Comptroller is authorized, upon the approval of the Attorney General, to draw his order upon the Treasurer to reimburse, in such sum or sums as are deemed advisable, any person, partnership, fiduciary or corporation for damages to person or property caused by the act of an officer or enlisted person of the armed forces of the state in line of duty, or to pay to the dependents of such person, if the person is killed, such sum or sums as are deemed advisable; provided a board of inquiry appointed by the Adjutant General shall have determined that such damage was caused by the act of an officer or enlisted person of the armed forces of the state while in line of duty and shall have established the extent of such damage."

[5] General Statutes § 4-142 provides in relevant part: "There shall be a Claims Commissioner who shall hear and determine all claims against the state except . . . (2) claims upon which suit otherwise is authorized by law including suits to recover similar relief arising from the same set of facts . . . ."

[6] General Statutes § 52-556 provides: "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury."

[7] See 50 U.S.C. App. § 521 (procedure for allowing stay of proceedings involving person in military service).

appeal, alleging that the accident had been caused by the defendant's negligence. The plaintiff named only the defendant in his complaint; he did not name or serve process on the state.

The defendant subsequently filed a motion to dismiss with an accompanying affidavit, contending that the trial court lacked subject matter jurisdiction because she was immune from suit. The defendant claimed that, at the time of the accident, she was employed by the Connecticut National Guard and was performing one of her job duties, namely, returning a vehicle to the home station, and thus she was acting in her capacity as a state employee. She therefore asserted that she was entitled to the qualified immunity afforded to state employees pursuant to § 4-165. See footnote 3 of this opinion. The plaintiff responded that the trial court had subject matter jurisdiction because: (1) armed forces personnel are liable for damages caused in the line of duty; (2) actions against state employees for automobile accidents are expressly authorized; (3) actions against a state employee are treated as actions against the state itself; and (4) the act barred the plaintiff from litigating his claims.

The trial court granted the motion to strike, concluding that it lacked subject matter jurisdiction over the action because "§ 4-165 affords statutory immunity to the defendant, who, the plaintiff concede[d], was acting within the scope of her employment with the state at the time of the collision." The trial court rejected the plaintiff's claim that armed forces personnel are liable for damages pursuant to General Statutes §§ 27-70 and 4-142 (2); see footnotes 4 and 5 of this opinion; reasoning that "there is nothing within the language of these statutes negating the statutory immunity afforded to a state employee under . . . § 4-165." The trial court additionally rejected the plaintiff's claim that actions against a state employee for automobile accidents are authorized by § 52-556. See footnote 6 of this opinion.

The trial court relied on the express language of the statute, which permits actions *against the state* for automobile accidents caused by state employees. See General Statutes § 52-556. Because the trial court found that the state had not been made a party to the action, and there was not any authority permitting a trial court to treat an action against an employee as one against the state, it determined that the plaintiff's reliance on § 52-556 was misplaced. The trial court finally concluded that the plaintiff's reliance on the act was improper. The court, quoting *Esposito* v. *Schille*, 131 Conn. 449, 452, 40 A.2d 745 (1994), reasoned that the stay of proceedings permitted by the act while a litigant is engaged in active military service must be "construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." (Internal quotation marks omitted.) As a result, the trial court determined that "[i]t is the interests of the defendant, not the plaintiff, that are to be protected under [the act]." This appeal followed. On appeal, the plaintiff claims that the trial court improperly concluded that § 4-165 afforded the defendant immunity and that the court lacked subject matter jurisdiction over his claim.

Our examination of the record on appeal and the briefs and arguments of the parties persuades us that the judgment of the trial court should be affirmed. Because the trial court's memorandum of decision fully addresses the arguments raised in the present appeal, we adopt its concise and well reasoned decision as a statement of the facts and the applicable law on the issues. See *Woodruff* v. *Hemingway*, 51 Conn. Sup. 461, 2 A.3d 1045 (2009). It would serve no useful purpose for us to repeat the discussion therein contained. See, e.g., *National Waste Associates, LLC* v. *Travelers Casualty & Surety Co. of America*, 294 Conn. 511, 515, 988 A.2d 186 (2010); *Royal Indemnity Co.* v. *Terra Firma, Inc.*, 287 Conn. 183, 189, 947 A.2d 913 (2008).

The judgment is affirmed.