## DINA JAEGER *v.* CONNECTICUT SITING COUNCIL
### (AC 32137)

Robinson, Alvord and Bear, Js.

Argued February 8—officially released April 26, 2011

*Whitney North Seymour, Jr.*, pro hac vice, with whom was *Gabriel North Seymour*, for the appellant (plaintiff).

*Robert L. Marconi*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, former attorney general, for the appellee (defendant).

*Bradford S. Babbitt*, with whom, on the brief, was *Kenneth C. Baldwin*, for the appellee (intervenor Cellco Partnership).

*Opinion*

PER CURIAM. The plaintiff, Dina Jaeger, appeals from the judgment of the trial court dismissing her administrative appeal from a decision of the defendant, the Connecticut Siting Council, granting a certificate of environmental compatibility for the construction, operation and maintenance of a wireless telecommunications facility (tower) to Cellco Partnership (Cellco), doing business as Verizon Wireless. The court dismissed the appeal after concluding that the plaintiff was not aggrieved, as required under the Uniform Administrative Procedure Act; General Statutes § 4-166 et seq.; and, therefore, lacked standing to maintain the action. On appeal, the plaintiff claims that (1) the trial judge improperly failed to disqualify himself in violation of Connecticut law and (2) the court erred in concluding that she was not aggrieved by the defendant's granting of the certificate of environmental compatibility.[1] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the claims on appeal. On March 28, 2008, Cellco applied, pursuant to the Public Utility Environmental Standards Act; General Statutes § 16-50g et seq.; for a certificate of environmental compatibility (application) for the construction, operation and maintenance of a tower. The application provided that the

---

[1] In her brief on appeal, the plaintiff also claims that the court erroneously excluded evidence from the evidentiary hearing and that certain aspects of the appeal process deprived her of her right to due process. These claims are inadequately briefed; accordingly, we decline to review them. See *State v. Monahan*, 125 Conn. App. 113, 122, 7 A.3d 404 (2010) ("[w]e are not required to review issues that have been improperly presented to this court through an inadequate brief" [internal quotation marks omitted]), cert. denied, 299 Conn. 926, 11 A.3d 152 (2011).

tower would be located in the Falls Village section of the town of Canaan, on a parcel of property owned by the Falls Village fire department along Route 7.[2] The plaintiff is the owner of two parcels of property that are located approximately 1290 feet east and 380 feet east of the proposed location.

On June 4, 2008, the plaintiff filed with the defendant a request to intervene in the proceeding. The defendant granted the plaintiff intervenor status on June 19, 2008. On July 1 and July 31, 2008, the defendant conducted a public hearing on the application. On March 12, 2009, after reviewing the record of the proceeding, the defendant approved the application, concluding that "the proposed tower . . . is needed, as it would provide cellular and [personal communications service] telecommunications coverage to a significant gap within the Falls Village section of Canaan, and that the design of the tower and site would minimize adverse environmental impact to the area."

The plaintiff appealed from the decision of the defendant to the trial court pursuant to General Statutes § 4-183.[3] On May 27, 2009, Cellco filed a motion to intervene in the proceeding, claiming that it had a direct and substantial interest in the subject of the appeal. On June 23, 2009, the court granted the motion to intervene. Thereafter, in its brief on the merits, Cellco claimed that the court lacked subject matter jurisdiction over the appeal because the plaintiff was not aggrieved by the granting of the certificate of environmental compatibility.

---

[2] According to the application, the tower would afford telecommunications coverage to Route 7 and portions of Route 112 and Route 126, along with local roads throughout southwest Canaan.

[3] General Statutes § 4-183 (a) provides in relevant part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. . . ."

On January 5, 2010, the court conducted an evidentiary hearing pursuant to § 4-183 (i)[4] for the limited purpose of determining whether the plaintiff had been aggrieved. In its memorandum of decision, the court concluded that the plaintiff failed to establish that she was aggrieved and, accordingly, dismissed her appeal. The plaintiff filed an appeal from the court's decision on April 1, 2010.

On July 26, 2010, while the plaintiff's appeal was pending before this court, the trial court, *Cohn, J.*, issued the following order: "It has recently come to the court's attention that a recusal issue may exist in this case that should be resolved expeditiously, as the appeal continues in the Appellate Court. This issue is based on the fact that my spouse has a beneficial interest in 28 shares of Verizon Communications with a total value of approximately $800, paying dividends of approximately $52/year. The intervenor in this administrative appeal, Cellco, is a partnership between Verizon Communications and British Vodafone Group."

The court thereafter requested that all parties appear before the court on August 13, 2010, to state their positions on the disqualification issue. Before the August 13, 2010 hearing could take place, the plaintiff filed a motion to disqualify Judge Cohn and to vacate his rulings. Thereafter, Judge Cohn transferred the plaintiff's motion to the civil presiding judge, *Pittman, J.*, and on August, 17, 2010, the plaintiff withdrew the motion to disqualify. On August 18, 2010, the plaintiff filed with this court a motion to vacate the trial court's orders and to dismiss the appeal for lack of subject matter jurisdiction, which this court denied without opinion on September 22, 2010.

---

[4] General Statutes § 4-183 (i) provides in relevant part that "if facts necessary to establish aggrievement are not shown in the record, proof limited thereto may be taken in the court. . . ."

On appeal, the plaintiff first claims that her due process rights were violated because the trial judge, *Cohn, J.*, improperly failed to disqualify himself in violation of Connecticut law.[5] We decline to consider this claim.

"Ordinarily, we will not review a claim of judicial bias unless that claim was properly presented to the trial court through a motion for disqualification or a motion for a mistrial." *Senk* v. *Senk*, 115 Conn. App. 510, 515, 973 A.2d 131 (2009). "A claim of bias must be raised in a timely manner. The failure to raise a claim of disqualification with reasonable promptness after learning the ground for such a claim ordinarily constitutes a waiver thereof." (Internal quotation marks omitted.) *Clisham* v. *Board of Police Commissioners*, 223 Conn. 354, 367, 613 A.2d 254 (1992); see also *Gillis* v. *Gillis*, 214 Conn. 336, 343, 572 A.2d 323 (1990) (concluding that defendant waived claim by failing to file motion for disqualification); *Massey* v. *Branford*, 118 Conn. App. 491, 503, 985 A.2d 335 (2009) ("[e]ven where a proper ground for disqualification exists, it must be asserted seasonably or it will be deemed to have been waived" [internal quotation marks omitted]), cert. denied, 295 Conn. 913, 990 A.2d 345 (2010). "[A] challenge to a judge for bias and prejudice must be made at the first opportunity after discovery of the facts tending to prove disqualification. . . . To hold otherwise would be to allow a litigant to pervert and abuse the right extended to him at the cost to the other party of unnecessary expense and labor and to the public of the unnecessary disruption of the conduct of the courts." (Internal quotation marks omitted.) *Clisham* v. *Board of Police Commissioners*, supra, 367.

---

[5] Although the plaintiff alleges that the trial judge's disqualification was "mandatory under established Connecticut Supreme Court law," the plaintiff fails to cite to any case law and, moreover, does not discuss any canon of the Code of Judicial Conduct, any section of the Practice Book or any statute in support of her claim.

In the present case, Judge Cohn scheduled a hearing to discuss the disqualification issue on the record with the parties. Rather than discussing the issue directly with Judge Cohn, the plaintiff elected to file a motion for disqualification after learning of the possible grounds for his disqualification. After the motion was transferred to the civil presiding judge, however, the plaintiff withdrew her motion voluntarily before the court could consider it. As a result, the plaintiff, in effect, failed to raise a claim of disqualification because the withdrawal resulted in the claim being unpreserved. See *Senk* v. *Senk*, supra, 115 Conn. App. 515. Accordingly, under the facts of the present case, we conclude that the plaintiff waived any claim of judicial disqualification by her voluntary actions, which prevented the court from conducting any type of hearing on the issue.

Second, the plaintiff claims that the court erred in concluding that she was not aggrieved by the defendant's granting of the certificate of environmental compatibility. After carefully reviewing the record on appeal, along with the briefs and arguments presented by the parties, we are persuaded that the decision of the trial court should be affirmed. The trial court's memorandum of decision fully addresses the plaintiff's claims of alleged aggrievement, and its analysis is consistent with the applicable law and precedents. Therefore, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on this issue. See *Jaeger* v. *Connecticut Siting Council*, 52 Conn. Supp. 14, 18 A.3d 693 (2010). We believe that it would be of no benefit, and serve no useful purpose, for us to reiterate the trial court's discussion. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010).

The judgment is affirmed.