LOUIS F. JEFFERSON *v.* WAVENY CARE
CENTER, INC., ET AL.
(AC 33097)

Robinson, Alvord and Espinosa, Js.

Argued February 9—officially released April 10, 2012

*Michael C. McMinn*, for the appellant (substitute plaintiff).

*John F. Costa*, with whom, on the brief, was *Liam M. West*, for the appellees (named defendant et al.).

*Thomas Anderson,* with whom, on the brief, were *Cristin E. Sheehan* and *Gina M. Hall,* for the appellee (defendant Professional Healthcare Services, LLC).

*Opinion*

PER CURIAM. The plaintiff, Louis F. Jefferson,[1] appeals from the judgment of the trial court granting summary judgment in favor of the defendants, Waveny Care Center, Inc. (Waveny),[2] and Professional Healthcare Services, LLC (ProCare). The plaintiff claims that the court improperly granted the defendants' motions for summary judgment on the ground that the allegations in his complaint sounded in medical malpractice rather than ordinary negligence and, as a result, that he was required to disclose an expert witness, which he did not do. We affirm the judgment of the trial court.

The following undisputed facts are relevant to our consideration of this appeal. Waveny operates a health care center in New Canaan and, at the time relevant to this appeal, contracted with ProCare for certain nurse staffing services. The plaintiff was admitted to Waveny on January 23, 2007, for rehabilitative care that he required following knee replacement surgery. In late January, 2007, the plaintiff suffered a spread of Methicillin-resistant Staphylococcus Aureus (MRSA), and in February, 2007, the plaintiff started to develop pressure sores on his feet.

The plaintiff filed a complaint on July 8, 2008, and an amended complaint on January 28, 2010, alleging negligence against Waveny and ProCare regarding the pressure sores and the spread of MRSA. Waveny filed a motion to dismiss, asserting that the complaint

[1] On September 9, 2010, the court granted the plaintiff's motion to substitute as the plaintiff the executor of his estate, David W. Morgan.

[2] The plaintiff's complaint named as defendants Waveny Care Center, Inc., Waveny Care Center Network, Inc., and Waveny Care Center Health Services, Inc. These entities will be referred to collectively as Waveny.

sounded in medical malpractice but failed to comply with the provisions of General Statutes § 52-190a requiring a certificate of good faith and a written opinion by a similar health care provider. On October 20, 2008, the court, *Hon. Kevin Tierney*, judge trial referee, denied this motion on the ground that, given the "sloppy" nature of the pleadings, the issue of whether the plaintiff's claim properly could be characterized as one of ordinary negligence or one of medical malpractice was best resolved on a motion for summary judgment, after discovery had taken place.

On January 20, 2009, the defendants filed a motion to strike, asserting, as Waveny did in its motion to dismiss, that the complaint was legally insufficient because it sounded in medical malpractice but failed to comply with § 52-190a. The court, *Adams, J.*, denied the defendants' motion to strike, holding that a motion to strike was not the appropriate pleading in which to challenge a failure to comply with § 52-190a.

The defendants each filed a motion for summary judgment on March 12, 2010. The court, *Adams, J.*, granted the defendants' motions, holding that the complaint alleges claims sounding in medical malpractice, not ordinary negligence, and that, as a result, the plaintiff's failure to disclose an expert witness required summary judgment in favor of the defendants. The plaintiff filed the present appeal on January 24, 2011.

On appeal, the plaintiff makes two related claims. First, the plaintiff claims that the court, *Adams, J.*, improperly failed to adhere to the law of the case previously established by Judge Tierney in denying Waveny's motion to dismiss and Judge Adams' denial of Waveny's motion to strike. The plaintiff argues that the court based its rulings on these motions on a determination that the complaint sounded in ordinary negligence and that the court was required to adhere to this

determination. Second, the plaintiff claims that, even if the court was not required by its previous rulings to deny the defendants' motions for summary judgment, the court improperly determined that the complaint sounded in medical malpractice rather than ordinary negligence.

After considering the record, briefs and arguments of the parties on appeal, we conclude that the judgment of the trial court should be affirmed. Because the court's memorandum of decision fully addresses the claims raised in this appeal, we adopt its thorough and well reasoned decision as a statement of the facts and the applicable law on the issues. See *Jefferson* v. *Waveny Care Center, Inc.*, 52 Conn. Sup. 254, 40 A.3d 825 (2010). Any further discussion by this court would serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010).

The judgment is affirmed.