RASHEEN GIRAUD *v.* STATE OF CONNECTICUT
(AC 31344)

DiPentima, C. J., and Sheldon and Dupont, Js.

Argued May 31—officially released August 21, 2012

*Lauren Weisfeld*, assistant public defender, for the appellant (petitioner).

*Leonard C. Boyle*, deputy chief state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, *Raheem L. Mullins*, assistant state's attorney, and *Dennis O'Connor*, former senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Rasheen Giraud, appeals from the judgment of the trial court denying his petition for a new trial on criminal charges of murder in violation of General Statutes § 53a-54a, felony murder in violation of General Statutes § 53a-54c, robbery in the first degree in violation of General Statutes § 53a-134 (a) (2), larceny in the second degree in violation of General Statutes § 53a-123 (a) (1), and kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (B), of which he was found guilty following a jury trial. After he was sentenced on those charges

to a total effective sentence of eighty-five years incarceration, his judgment of conviction was affirmed by our Supreme Court on direct appeal. See *State* v. *Giraud*, 258 Conn. 631, 632, 783 A.2d 1019 (2001).

In his petition for a new trial, the petitioner claimed that there was newly discovered evidence of posttrial admissions by one of the state's key witnesses in his criminal trial that showed that that witness had lied in his testimony at trial. The petitioner claimed that the posttrial admissions of the witness so undermined his credibility as to warrant a new trial. Following a hearing, the court issued a memorandum of decision denying the petition for a new trial. The court thereafter granted the petitioner's petition for certification to appeal its decision.

We have examined the record on appeal and considered the briefs and the arguments of the parties and conclude that the judgment of the trial court should be affirmed. Because the trial court thoroughly addressed the arguments raised in this appeal, we adopt its well reasoned decision as a statement of the facts and the applicable law on the issue. See *Giraud* v. *State*, 52 Conn. Sup. 389, 50 A.3d 985 (2011). Any further discussion by this court would serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010).

The judgment is affirmed.