******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

GORDON GEIGER ET AL. *v.* FRANCIS CAREY
(AC 38080)

Lavine, Beach and West, Js.

*Argued December 7, 2016—officially released January 31, 2017*

(Appeal from Superior Court, judicial district of Litchfield, J. Moore.)

*Gordon Geiger*, self-represented, the appellant (named plaintiff).

*James P. Steck*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiffs, Gordon Geiger and Elizabeth Geiger, brought this action against the defendant, Francis Carey, their next door neighbor, seeking money damages, punitive damages, and an order requiring the defendant to remove a fence. The complaint sounded in three counts: (1) trespass; (2) violation of Connecticut's tree cutting statute, pursuant to General Statutes § 52-560; and (3) malicious erection of a structure, pursuant to General Statutes § 52-570. The defendant brought a counterclaim against the plaintiffs seeking injunctive relief, monetary damages, punitive damages, and an order of quiet title to the land under the fence and airspace above the fence. The counterclaim sounded in seven counts: (1) private nuisance; (2 through 4) trespass;[1] (5) quiet title; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress.

On February 25, 2015, following a trial, the court rendered judgment by way of a memorandum of decision. As for the plaintiffs' complaint, the court rendered judgment in favor of the defendant and against the plaintiffs on counts one and two, and in favor of the plaintiffs and against the defendant on count three. The court ordered the defendant to remove one section of his fence and enjoined him from erecting another structure in its place. As for the defendant's counterclaim, the court rendered judgment in favor of Elizabeth Geiger and against the defendant on all counts; in favor of Gordon Geiger and against the defendant on counts one, six, and seven; and in favor of the defendant and against Gordon Geiger on counts two, three, four, and five. The court enjoined Gordon Geiger from stopping or loitering on the right-of-way that he shares with the defendant, and further enjoined him from placing barriers, barricades, or items on the right-of-way. The court ordered Gordon Geiger to remove a tree platform and enjoined him from erecting another structure in its place. The court further awarded the defendant damages in the amount of $400.

The self-represented plaintiff, Gordon Geiger, claims on appeal that the court erred in: (1) awarding the defendant $400 for the damage to the trees; (2) restricting the plaintiff's use of the right-of-way; (3) accepting the defendant's land survey as evidence; (4) allowing the defendant to retain the majority of his fence; and (5) barring count one of his complaint based on a statute of limitations defense.

We have examined the record on appeal and considered the briefs and the arguments of the parties, and conclude that the judgment of the trial court should be affirmed. Because the trial court thoroughly addressed the arguments raised in this appeal, we adopt its well reasoned decision as a proper statement of the facts

and the applicable law on the issues. See *Geiger* v. *Carey*, 170 Conn. App. 462,     A.3d     (2015) (appendix). Any further discussion by this court would serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010).

The judgment is affirmed.

[1] The defendant alleges in count two that Gordon Geiger continuously blocked the defendant's "ability to pass and repass" over a shared right-of-way. The defendant alleges in count three that Gordon Geiger obstructed the defendant's access to his property by placing "debris, fill, boulders and snow at the entrance" of the driveway. The defendant further alleges in this count that Gordon Geiger "dumped snow" on top of the defendant's trees, killing them. The defendant alleges in count four that the plaintiffs' "tree house/ tree platform" encroached on the defendant's property.