******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

ROCCO YASHENKO *v.* COMMISSIONER
OF CORRECTION
(AC 39356)

Alvord, Kahn and Bear, Js.

*Syllabus*

The petitioner, who had been convicted on a plea of guilty to the crime of
burglary in the first degree, sought a writ of habeas corpus, claiming,
inter alia, that his trial counsel had rendered ineffective assistance by
failing to convey the petitioner's acceptance of a plea offer from the
state on the day that the offer was made and by subsequently failing to
prevent the plea offer from lapsing. After an initial plea offer was made,
the prosecutor informed the petitioner that that offer was no longer
available, and the petitioner accepted a less favorable plea offer. The
habeas court rendered judgment denying the petition, concluding, inter
alia, that the petitioner's testimony that he had instructed counsel to
accept the initial plea offer prior to the prosecutor's withdrawal of that
offer was not credible. Thereafter, the habeas court granted the petition
for certification to appeal, and the petitioner appealed to this court.
*Held* that the judgment of the habeas court denying the petition for a
writ of habeas corpus was affirmed; the habeas court having thoroughly
addressed the arguments raised in this appeal, this court adopted the
habeas court's well reasoned decision as a statement of the facts and
the applicable law on the issues.

Argued September 7—officially released October 31, 2017

*Procedural History*

Amended petition for a writ of habeas corpus,
brought to the Superior Court in the judicial district of
Tolland and tried to the court, *Bright, J.*; judgment
denying the petition, from which the petitioner, on the
granting of certification, appealed to this court.
*Affirmed.*

*Conrad Ost Seifert*, assigned counsel, for the appellant (petitioner).

*Bruce R. Lockwood*, senior assistant state's attorney,
with whom, on the brief, were *Maureen Platt*, state's
attorney, and *Eva B. Lenczewski*, supervisory assistant
state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Rocco Yashenko, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly concluded that his trial counsel did not provide ineffective assistance by failing to adequately prevent a plea offer from lapsing. We affirm the judgment of the habeas court.

The record and the habeas court's opinion reveal the following facts and procedural history. On January 26, 2013, the petitioner was arrested for participating in a burglary in Waterbury. On October 17, 2013, the petitioner pleaded guilty to the charge of burglary in the first degree in violation of General Statutes § 53a-101 (a) (3), and he was sentenced to five years of incarceration followed by five years of special parole.

On August 13, 2015, the petitioner filed an amended petition for a writ of habeas corpus. In his amended petition, the petitioner claims that his first trial counsel, Brian Pear, rendered ineffective assistance by not conveying on May 3, 2013, his acceptance of a plea offer made by the state for the first time on that day, while the case was pending in part B of the criminal docket in Waterbury. By the petitioner's next court date on May 30, 2013, the state had decided to transfer the petitioner's pending charges, with the exception of a motor vehicle charge, to part A of the criminal docket. The part B prosecutor informed the petitioner that the May 3, 2013 plea offer was no longer available to him. Eventually, while the charges were pending in part A, the state offered a new, less favorable plea offer that the petitioner accepted. The petitioner further alleges a violation of his due process rights because his guilty plea was involuntary. Following a trial held on February 5, 2016, the habeas court, on May 25, 2016, denied the petition for a writ of habeas corpus. On June 8, 2016, it granted the petition for certification to appeal.

The habeas court did not find credible the petitioner's testimony that he had instructed Pear to accept the May 3, 2013 offer prior to the state's withdrawal of that offer. Rather, the court determined that the petitioner, before he decided whether to accept the state's offer, wanted to see what happened with his codefendant's pending case, and whether he could get a better plea offer that included no probationary period. Additionally, the court found that although the petitioner was disappointed with the terms of the state's second plea offer, which he accepted on October 17, 2013, his guilty plea was nevertheless knowingly and voluntarily entered.

After examination of the record on appeal and the parties' briefs and arguments, we conclude that the judgment of the habeas court should be affirmed.

Because the habeas court thoroughly addressed the arguments raised in this appeal, we adopt its well reasoned decision as a statement of the facts and the applicable law on the issues. See *Yashenko* v. *Commissioner of Correction*, Superior Court, judicial district of Tolland, Docket No. CV-14-4006262-S (May 25, 2016) (reprinted in 177 Conn. App.     ). Any further discussion by this court would serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *Brander* v. *Stoddard*, 173 Conn. App. 730, 732, 164 A.3d 889 (2017).

The judgment is affirmed.

––––––––––––––––––––––