******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

# HASAN SAMAKAAB *v.* DEPARTMENT OF SOCIAL SERVICES
## (AC 39067)

DiPentima, C. J., and Alvord and Pellegrino, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant Department of Social Services for alleged employment discrimination after he was denied a certain promotion during his employment with the defendant. The plaintiff claimed that the defendant discriminated against him on the basis of his age, sex and national origin, and his prior opposition to unlawful employment practices in violation of the applicable provision (§ 46a-60) of the Connecticut Fair Employment Practices Act (§ 46a-51 et seq.). The trial court granted the defendant's motion for summary judgment and rendered judgment thereon, concluding that the evidence submitted by the plaintiff did not support a finding that a genuine issue of material fact existed as to whether he had been discriminated against or retaliated against because he had engaged in a protected activity. On appeal to this court, the plaintiff claimed that the trial court improperly held that he had presented insufficient facts to support a prima facie case of discrimination or retaliation. *Held* that the judgment of the trial court granting the defendant's motion for summary judgment was affirmed; the trial court having thoroughly addressed the arguments raised in this appeal, this court adopted the trial court's well reasoned decision as a statement of the facts and the applicable law on the issues.

Argued October 5—officially released November 7, 2017

*Procedural History*

Action to recover damages for, inter alia, alleged employment discrimination, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Scholl, J.*, granted the defendant's motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Hasan Samakaab*, self-represented, the appellant (plaintiff).

*Carolyn Ennis*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Ann E. Lynch*, assistant attorney general, for the appellee (defendant).

*Opinion*

PER CURIAM. In this employment discrimination action, the plaintiff, Hasan Samakaab, appeals from the summary judgment rendered by the trial court in favor of the defendant, the Department of Social Services. On appeal, the plaintiff contends that the court improperly held that insufficient facts were presented to support a prima facie case of discrimination or retaliation. We affirm the judgment of the trial court.

The record and the trial court's opinion reveal the following facts and procedural history. The plaintiff is employed as an eligibility services specialist by the defendant. On September 5, 2013, the plaintiff interviewed for a promotion to the position of eligibility services supervisor. On the basis of the plaintiff's responses during his interview, he was no longer considered for the eligibility services supervisor position. On December 26, 2014, the plaintiff filed the operative complaint against the defendant in Superior Court. In his complaint, the plaintiff alleged that he was denied a promotion because of his age, sex, national origin, and his prior opposition to unlawful employment practices in violation of General Statutes § 46a-60 of the Connecticut Fair Employment Practices Act, General Statutes § 46a-51 et seq. Following the close of discovery, on November 9, 2015, the defendant filed a motion for summary judgment as to the plaintiff's complaint. On March 10, 2016, the court, *Scholl, J.*, issued a memorandum of decision rendering summary judgment in favor of the defendant. The court found that the evidence submitted by the plaintiff, principally his self-serving affidavit and deposition testimony, did not support a finding that a genuine issue of material fact exists as to whether the plaintiff had been discriminated against in the denial of a promotion, or retaliated against because he had engaged in a protected activity.

Upon examination of the record on appeal and the briefs and arguments of the parties, we conclude that the judgment of the trial court should be affirmed. Because the court's memorandum of decision thoroughly addresses the arguments raised in this appeal, we adopt its well reasoned decision as a statement of the facts and the applicable law on the issues. See *Samakaab* v. *Dept. of Social Services*, Superior Court, judicial district of Hartford, Docket No. CV-15-6056335-S (March 10, 2016) (reprinted in 177 Conn. App. 54). It would serve no useful purpose for this court to engage in any further discussion. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *Geiger* v. *Carey*, 170 Conn. App. 459, 462, 154 A.3d 1093 (2017).

The judgment is affirmed.