******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

ANDREA MICEK-HOLT, EXECUTRIX (ESTATE
OF EDWARD W. MICEK) *v.* MARY
PAPAGEORGE ET AL.

MARY PAPAGEORGE *v.* ANDREA
MICEK-HOLT ET AL.
(AC 39668)

Sheldon, Elgo and Eveleigh, Js.

*Syllabus*

The plaintiff in the first case, H, the executrix of the estate of her father, the decedent, sought to enforce a purchase and sale agreement for certain real property that the decedent had entered into with M, a defendant in the first case. M had agreed to purchase the property after the expiration of a lease agreement entered into between the decedent and K Co., which was owned by M and her husband, G. G and M thereafter filed a separate action, alleging, inter alia, breach of contract and seeking damages. The trial court consolidated the matters and, following a trial to the court, rendered judgments in favor of H in both cases. On appeal, M and G challenged the trial court's decision on several grounds. *Held* that the trial court properly rendered judgments in favor of H in both cases, and that court having thoroughly addressed the arguments raised in this appeal, this court adopted the trial court's well reasoned memorandum of decision as a statement of the facts and the applicable law on the issues.

Argued January 16—officially released March 27, 2018

*Procedural History*

Action, in the first case, for, inter alia, breach of contract, and for other relief, and action, in the second case, for breach of contract, and for other relief, brought to the Superior Court in the judicial district of Windham at Putnam, where the named defendant et al. in the first case filed a counterclaim; thereafter, the court, *Calmar, J.*, granted the motion to consolidate filed by the defendants in the first case; subsequently, the matters were tried to the court, *Boland, J.*; thereafter, the complaint in the second case was withdrawn in part; subsequently, the court, *Boland, J.*, granted the motions to dismiss filed by the defendant Jamie Davis et al. in the second case; judgments for the plaintiff in the first case on the complaint and counterclaim, and for the named defendant in the second case, from which the named defendant et al. in the first case and the plaintiff in the second case appealed to this court; thereafter, the court, *Boland, J.*, issued an articulation of its decision. *Affirmed.*

*Mathew Olkin*, for the appellants (named defendant et al. in the first case, plaintiff in the second case).

*Beth A. Steele*, for the appellee (plaintiff in the first case, named defendant in the second case).

*Opinion*

PER CURIAM. This appeal arises from two cases, which were consolidated for trial, involving a contract for the purchase of certain real property located in Thompson. Mary Papageorge and George Papageorge appeal from the judgments of the trial court, rendered after a court trial, in favor of Andrea Micek-Holt, executrix of the estate of Edward W. Micek. We affirm the judgments of the trial court.

In 2010, the plaintiff's decedent entered into a lease agreement with Kalami Corporation, which was owned by the family of Mary and George Papageorge (Papageorges). Pursuant to the lease agreement, the Papageorges, along with their two children, were permitted to rent a home owned by the plaintiff's decedent. The term of the lease ran from August 1, 2010 to September 1, 2011. The plaintiff's decedent and Mary Papageorge also executed a purchase and sale agreement, pursuant to which Mary Papageorge agreed to purchase the home once the term of the lease had expired. A closing was scheduled for August 31, 2011. The closing never occurred, yet the Papageorges continued to reside in the subject property.

On October 28, 2014, Micek-Holt, as executrix of the estate of Edward W. Micek, commenced one of the two underlying actions.[1] See *Micek-Holt* v. *Papageorge*, Superior Court, judicial district of Windham at Putnam, Docket No. CV-14-6008881-S (September 26, 2016) (first action). Micek-Holt pleaded seven claims in her complaint sounding in breach of contract, unjust enrichment, declaratory judgment, quiet title, foreclosure of equitable title, enforcement of the purchase and sale agreement, and eviction. On December 18, 2014, the Papageorges, along with Angelina Papageorge, filed an answer, special defenses and a counterclaim directed to Micek-Holt, both individually and in her capacity as the executrix of her decedent's estate.

On August 25, 2015, Mary Papageorge commenced the second of the two underlying consolidated actions. See *Papageorge* v. *Micek-Holt*, Superior Court, judicial district of Windham at Putnam, Docket No. CV-15-5006173-S (September 26, 2016) (second action). Mary Papageorge raised six counts in her complaint sounding in breach of contract, fraud, unjust enrichment, abuse of process, intentional infliction of emotional distress and negligent infliction of emotional distress. The claims were directed to Micek-Holt in her individual capacity, in her capacity as executrix of her decedent's estate, and in her capacity as a beneficiary of her decedent's estate.[2] As relief, Mary Papageorge sought $5.5 million in damages, a determination that she was the equitable owner of the subject property, and an order requiring Micek-Holt to convey legal title to the subject property to her without contingencies and without a

mortgage. On March 23, 2016, Micek-Holt, in all of her capacities, filed an answer and special defenses.

On August 1, 2016, the first action filed by Micek-Holt and the second action filed by Mary Papageorge were consolidated. Over the course of two days, the consolidated cases were tried to the court.

On September 26, 2016, the trial court issued a memorandum of decision rendering judgments in Micek-Holt's favor on all counts in her complaint and on all counts in the Papageorges' counterclaim in the first action, and in Micek-Holt's favor on all counts in Mary Papageorge's complaint in the second action. By way of relief, the court ordered the parties to meet for a closing on October 24, 2016, at which, inter alia: (1) Micek-Holt would convey to Mary Papageorge legal title to the property; (2) Mary Papageorge would convey a check to Micek-Holt in the amount of $78,336.40; and (3) Mary Papageorge would deliver to Micek-Holt a note secured by a mortgage. In addition, the court ordered Mary Papageorge to pay Micek-Holt the sum of $17,401.50, to reimburse her for taxes that Micek-Holt had paid for her on the subject property, plus attorney's fees. The court further ordered that, if the closing did not occur as ordered, then, inter alia: (1) the Papageorges would either have to vacate the property by October 26, 2016, or be required to pay $150 in daily use and occupancy payments and be subject to the execution of an eviction order; (2) Mary Papageorge's interest in the property would be extinguished; and (3) a judgment quieting title in favor of Micek-Holt would enter. On September 29, 2016, the Papageorges appealed.[3]

On appeal, the Papageorges challenge the trial court's decision on several grounds. After examination of the record on appeal and the parties' briefs and arguments, we conclude that the judgments of the trial court should be affirmed. Because the trial court thoroughly addressed the arguments raised in this appeal, we adopt its well reasoned decision as a statement of the facts and the applicable law on the issues. See *Micek-Holt* v. *Papageorge*, Superior Court, judicial district of Windham at Putnam, Docket No. CV-14-6008881-S (September 26, 2016), and *Papageorge* v. *Micek-Holt*, Superior Court, judicial district of Windham at Putnam, Docket No. CV-15-5006173-S (September 26, 2016) (reprinted at 180 Conn. App. 545). Any further discussion by this court would serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *Brander* v. *Stoddard*, 173 Conn. App. 730, 732, 164 A.3d 889, cert. denied, 327 Conn. 928, 171 A.3d 456 (2017).

The judgments are affirmed.

[1] Kalami Corporation and Angelina Papageorge, one of the Papageorges' children, also were named as defendants in the action filed by Micek-Holt. Neither of those parties is participating in this appeal.

[2] Mary Papageorge's complaint also named two attorneys, Jamie Davis and Daniel McGinn. Davis and McGinn filed separate motions to dismiss

the counts directed to them, both of which the trial court granted. Mary Papageorge did not appeal from those decisions. Further, the complaint contained a seventh count sounding in "misconduct." She withdrew that claim prior to trial.

[3] Extensive litigation ensued regarding the termination of the appellate stay and various efforts to have the Papageorges ejected from the subject property. This court already considered whether the trial court improperly granted the plaintiff's motion to terminate the stay when it considered the Papageorges' motion for review under Practice Book § 61-14. We granted the Papageorges' request for review, but denied the relief they requested. We thereafter denied their motion for reconsideration. See *Lawrence* v. *Cords*, 165 Conn. App. 473, 479, 139 A.3d 778 ("[I]ssues regarding a stay of execution cannot be raised on direct appeal. The sole remedy of any party desiring . . . [review of] . . . an order concerning a stay of execution shall be by motion for review . . . ." [Internal quotation marks omitted.]), cert. denied, 322 Conn. 907, 140 A.3d 221 (2016). Moreover, although the Papageorges have challenged several executions of ejectment served by Micek-Holt, they did not brief any claimed errors with respect to those challenges, and we thus deem them abandoned. See *Countrywide Home Loans Servicing, LP* v. *Creed*, 145 Conn. App. 38, 44 n.7, 75 A.3d 38, cert. denied, 310 Conn. 936, 79 A.3d 889 (2013).