******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ALEXIS SANTOS *v.* COMMISSIONER
OF CORRECTION
(AC 40427)

Lavine, Sheldon and Bishop, Js.

*Syllabus*

The petitioner, who had been convicted of, inter alia, sexual assault in the
first degree and risk of injury to a child, sought a writ of habeas corpus,
claiming that his trial counsel had rendered ineffective assistance by
failing to retain an expert witness to assist in his defense and by failing
to present the testimony of certain fact witnesses. The habeas court
rendered judgment denying the petition, concluding, inter alia, that the
petitioner had failed to prove that his trial counsel's representation of
him was deficient or that he was prejudiced by any aspect of her allegedly
deficient performance. Thereafter, the habeas court granted the petition
for certification to appeal, and the petitioner appealed to this court.
*Held* that the judgment of the habeas court denying the petition for a
writ of habeas corpus was affirmed; the habeas court having thoroughly
addressed the arguments raised in this appeal, this court adopted the
habeas court's well reasoned decision as a statement of the facts and
the applicable law on the issues.

Argued September 25—officially released November 13, 2018

*Procedural History*

Amended petition for a writ of habeas corpus,
brought to the Superior Court in the judicial district of
Tolland and tried to the court, *Oliver, J.*; judgment
denying the petition, from which the petitioner, on the
granting of certification, appealed to this court.
*Affirmed.*

*James E. Mortimer*, assigned counsel, for the appellant (petitioner).

*Linda F. Currie-Zeffiro*, assistant state's attorney,
with whom, on the brief, were *Maureen Platt*, state's
attorney, and *Eva B. Lenczewski*, supervisory assistant
state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Alexis Santos, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly concluded that his trial counsel did not provide ineffective assistance by failing to retain an expert witness to assist in his defense and by failing to present the testimony of certain fact witnesses. We affirm the judgment of the habeas court.

The following procedural history, as set forth by the habeas court, is relevant to this appeal. "On September 24, 2012, in the Waterbury judicial district, in the matter of *State* v. *Santos*, Docket No. CR-11-401131, following a jury trial, the petitioner was convicted of four counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), four counts of risk of injury to a child in violation of General Statutes § 53-21 (a) (2) and one count of risk of injury to a child in violation of § 53-21 (a) (1). In docket number CR-11-402391, the petitioner was convicted of one count of sexual assault in the first degree, one count of risk of injury to a child in violation of § 53-21 (a) (2), one count of risk of injury to a child in violation of § 53-21 (a) (1) and one count of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A). On November 30, 2012, the trial court, *Crawford, J.*, sentenced the petitioner to a total effective term of twenty years of incarceration followed by twenty years of special parole." This court affirmed the petitioner's conviction. See *State* v. *Santos*, 148 Conn. App. 907, 86 A.3d 1099, cert. denied, 311 Conn. 944, 89 A.3d 351 (2014).

The petitioner thereafter initiated this matter by the filing of his petition for a writ of habeas corpus. In his operative petition, he claimed that his trial counsel, Tashun Bowden-Lewis, rendered ineffective assistance. Following an evidentiary hearing, the habeas court rejected the petitioner's claims by way of a memorandum of decision filed April 5, 2017. The habeas court concluded that the petitioner had failed to prove that Bowden-Lewis' representation of him was deficient or that he was prejudiced by any aspect of her allegedly deficient performance, and thus denied his petition for a writ of habeas corpus. On April 21, 2017, the habeas court granted the petitioner's petition for certification to appeal.

On appeal, the petitioner claims that the habeas court erred in rejecting his claims of ineffective assistance of counsel. We have examined the record on appeal, the briefs and arguments of the parties, and conclude that the judgment of the habeas court should be affirmed. Because the habeas court thoroughly addressed the arguments raised in this appeal, we adopt its well reasoned decision as a statement of the facts

and the applicable law on the issues. See *Santos* v. *Commissioner of Correction*, Superior Court, judicial district of Tolland, Docket No. CV-14-4005961-S, (April 5, 2017) (reprinted at 186 Conn. App.    ,    A.3d    ). Any further discussion by this court would serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *Brander* v. *Stoddard*, 173 Conn. App. 730, 732, 164 A.3d 889, cert. denied, 327 Conn. 928, 171 A.3d 456 (2017).

The judgment is affirmed.

————————————