******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHARLES PRESTO, EXECUTOR (ESTATE
OF WILLIAM PRESTO), ET AL. *v.*
TEODOZJA PRESTO ET AL.
(AC 41545)

Lavine, Devlin and Bear, Js.

*Syllabus*

The plaintiff, as executor of the decedent's estate and in his individual
capacity, sought a declaratory judgment as to certain real property that
the decedent had devised to the defendants, the decedent's widow and
stepsons, and that the plaintiff's brother, in his will, later devised to the
decedent's widow. The brother's will was filed in the Probate Court,
and the plaintiff objected to the will on the ground that it conflicted
with the decedent's will as to who was to inherit the property. The trial
court granted the defendants' motion to dismiss the plaintiff's action,
concluding that the plaintiff's claims were not ripe for adjudication in
the Superior Court because, at the time of the filing of the complaint,
they were still pending before the Probate Court. The trial rendered
judgment for the defendants, from which the plaintiff appealed to this
court, which dismissed that portion of the appeal filed by the plaintiff
in his capacity as executor of the decedent's estate. *Held* that the judg-
ment of the trial court was affirmed; because the trial court thoroughly
addressed the arguments raised in this appeal in its memorandum of
decision, this court adopted the trial court's well reasoned decision as
a statement of the facts and the applicable law on the issues.

Argued December 11, 2019—officially released February 25, 2020

*Procedural History*

Action seeking, inter alia, a declaratory judgment that
the plaintiffs are entitled to certain real property under
the decedent's will, and for other relief, brought to
the Superior Court in the judicial district of Stamford-
Norwalk, where the court, *Genuario, J.*, granted the
defendants' motion to dismiss and rendered judgment
thereon, from which the plaintiffs appealed to this
court; thereafter, the court, *Genuario, J.*, issued an
articulation of its decision; subsequently, the appeal
was dismissed in part. *Affirmed.*

*Charles Presto*, self-represented, the appellant
(plaintiff).

*Peter V. Lathouris*, with whom, on the brief, was
*Michael P. Longo, Jr.*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff Charles Presto, in his capacity as the executor of the estate of William Presto, and in his individual capacity,[1] appeals from the judgment dismissing his declaratory judgment action against the defendants, Teodozja Presto, Andrzej Mazurek, and Stanislaus Mazurek, for lack of subject matter jurisdiction on the ground that the claims raised were not ripe for adjudication. We affirm the judgment of the trial court.

The plaintiff's complaint contains the following allegations. The plaintiff is the executor of the estate of William Presto. William Presto died on March 24, 1998, and his will was entered into probate. William Presto, who was the father of the plaintiff and Robert Presto, the husband of Teodozja Presto, and the stepfather of Andrzej Mazurek and Stanislaus Mazurek, devised certain interests in his real property located at 10 Carleton Street, Greenwich (property), to Teodozja Presto and Robert Presto. Robert Presto died on September 5, 2016, and left a will in which he devised the property. His will was filed in the Greenwich Probate Court. The plaintiff objected to Robert Presto's will on the ground that it conflicted with their father's will as to who was to inherit the property.

The plaintiff's appeal concerns the parties' rights pursuant to William Presto's will, including whether Robert Presto had the right to devise the real property to Teodozja Presto upon his death. The plaintiff also seeks to be appointed executor of Robert Presto's estate in light of Teodozja Presto's alleged bad faith and unconscionable conduct. On May 31, 2017, the defendants filed a motion to dismiss the plaintiff's declaratory judgment action. On February 14, 2018, the court issued a memorandum of decision dismissing the action. The court concluded that the plaintiff's claims were not ripe for adjudication in the Superior Court because, at the time of the filing of the complaint, they were still pending before the Greenwich Probate Court.

Upon examination of the record on appeal and the briefs and arguments of the parties, we conclude that the judgment of the trial court dismissing the plaintiff's action should be affirmed. Because the court thoroughly addressed the arguments raised in this appeal, we adopt its well reasoned decision as a statement of the facts and the applicable law on the issues. See *Presto* v. *Presto*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-17-5016650-S (February 14, 2018) (reprinted at 196 Conn. App.     ,     A.3d    ). It would serve no useful purpose for this court to engage in any further discussion. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *Geiger* v. *Carey*, 170 Conn. App. 459, 462, 154 A.3d 1093 (2017).

The judgment is affirmed.

[1] This court dismissed that portion of the appeal filed by the plaintiff in his capacity as the executor of the estate of William Presto; all references herein to the plaintiff are to Charles Presto in his individual capacity.

_____