******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

IN RE EMILY S.*
(AC 44791)

Alvord, Cradle and Lavine, Js.

*Syllabus*

The respondent father appealed to this court from the judgment of the trial court terminating his parental rights with respect to his minor child, E. The father claimed that the trial court improperly found that the Department of Children and Families made reasonable efforts to reunify him with E and that he was unable or unwilling to benefit from reunification services. *Held* that upon this court's review of the record, and the briefs and arguments of the parties, the judgment of the trial court was affirmed, and this court adopted the trial court's thorough and well reasoned memorandum of decision as a proper statement of the facts and the applicable law on the issues.

Argued January 3—officially released February 9, 2022**

*Procedural History*

Petition by the Commissioner of Children and Families to terminate the respondent's parental rights with respect to his minor child, brought to the Superior Court in the judicial district of New Britain, Juvenile Matters, where the case was tried to the court, *Huddleston, J.*; judgment terminating the respondent's parental rights, from which the respondent appealed to this court. *Affirmed.*

*Albert J. Oneto IV*, assigned counsel, for the appellant (respondent father).

*Evan O'Roark*, assistant attorney general, with whom, on the brief, were *William Tong*, attorney general, and *Cynthia Mahon*, assistant attorney general, for the appellee (petitioner).

*Opinion*

PER CURIAM. The respondent father, Damon F. (respondent), appeals from the judgment of the trial court rendered in favor of the petitioner, the Commissioner of Children and Families, terminating his parental rights with respect to his minor child, Emily S. (child), pursuant to General Statutes § 17a-112 (j). On appeal, the respondent claims that, in terminating his parental rights, the trial court improperly found that the Department of Children and Families (department) made reasonable efforts to reunify him with his child and that he was unable or unwilling to benefit from reunification services. We affirm the judgment of the trial court.

The child was born on August 5, 2018, and her mother left the hospital and the child that same day without providing any information as to the identity of the child's father. At the time the child was born, she was premature and tested positive for cocaine and opiates, and she was placed in the neonatal intensive care unit of the hospital. On August 16, 2018, the commissioner filed an ex parte motion for order of temporary custody of the child and coterminous neglect and termination of parental rights petitions as to the child's mother and John Doe, as the father.[1] The ex parte motion for order of temporary custody was granted on that same day. After the child was discharged from the hospital, she was placed in a preadoptive home, where she has remained.

After investigating and eliminating other putative fathers, the department contacted the respondent, who was incarcerated in New Hampshire at the time. On September 12, 2019, the commissioner filed amended coterminous petitions for neglect and termination of parental rights, naming the respondent as the child's father. The respondent submitted to a paternity test, and, on October 28, 2019, a finding of paternity entered identifying the respondent as the child's father. The respondent thereafter was appointed counsel.

The respondent did not contest the earlier neglect determination and the matter proceeded to trial on the amended petition to terminate his parental rights on February 8, 2021. The amended petition alleged abandonment and the absence of an ongoing parent-child relationship as the statutory grounds for termination.

By way of a memorandum of decision filed on April 22, 2021, the court granted the petition to terminate the parental rights of the respondent. The court found, "by clear and convincing evidence, that the department made reasonable efforts to locate [the respondent], that [the respondent] was unable or unwilling to benefit from reunification efforts, that there is no ongoing parent-child relationship as defined by . . . § 17a-112 (j) (3) (D), and that to allow further time for the establish-

ment of such a relationship would be detrimental to the best interest of the child." The court further found that the termination of the respondent's parental rights and the permanency plan proposed by the petitioner, which provided for the child's adoption following termination, was in her best interest. This appeal followed.

On appeal, the respondent claims that, in terminating his parental rights, the trial court improperly found that the department made reasonable efforts to reunify him with his child and that he was unable or unwilling to benefit from reunification services.

Section 17a-112 (j) provides in relevant part: "The Superior Court . . . may grant a petition filed pursuant to this section if it finds by clear and convincing evidence that (1) the Department of Children and Families has made reasonable efforts to locate the parent and to reunify the child with the parent in accordance with subsection (a) of section 17a-111b, unless the court finds in this proceeding that the parent is unable or unwilling to benefit from reunification efforts . . . ."

"[W]e . . . review the trial court's decision . . . with respect to whether the department made reasonable efforts at reunification for evidentiary sufficiency. . . . [W]e review the trial court's subordinate factual findings for clear error. . . . Similarly, in reviewing a trial court's determination that a parent is unable to benefit from reunification services, we review the trial court's ultimate determination . . . for evidentiary sufficiency, and review the subordinate factual findings for clear error." (Citations omitted; internal quotation marks omitted.) *In re Karter F.*, 207 Conn. App. 1, 14, 262 A.3d 195, cert. denied, 339 Conn. 912, 261 A.3d 745 (2021).

We have examined the record and considered the briefs and arguments of the parties, and conclude that the judgment of the trial court should be affirmed. In granting the petition to terminate the respondent's parental rights, the court issued a thorough and well reasoned memorandum of decision, which is a proper statement of the relevant facts and the applicable law on the issues. We therefore adopt the decision as our own. See *In re Emily S.*, Superior Court, judicial district of New Britain, Juvenile Matters, Docket No. CP-18-012507-A (April 22, 2021) (reprinted at 210 Conn. App.    ,    A.3d    ). Any further discussion of the issues by this court would serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *Nussbaum* v. *Dept. of Energy & Environmental Protection*, 206 Conn. App. 734, 741–42, 261 A.3d 1182, cert. denied, 339 Conn. 915, 262 A.3d 134 (2021).

The judgment is affirmed.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon

order of the Appellate Court.

** February 9, 2022, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] The parental rights of the child's mother were terminated by consent on July 23, 2019. Since that date, the child's mother passed away. Any reference herein to the respondent is to the child's father only.

---