******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## APPENDIX
## HASAN SAMAKAAB *v.* DEPARTMENT
## OF SOCIAL SERVICES*

Superior Court, Judicial District of Hartford

File No. CV-15-6056335S

Memorandum filed March 10, 2016

*Proceedings*

Memorandum of decision on defendant's motion for summary judgment. *Motion granted.*

*Katrena Engstrom*, for the plaintiff.

*Carolynn Ennis*, assistant attorney general, for the defendant.

*Opinion*

SCHOLL, J.

## INTRODUCTION

This an action by the plaintiff, Hasan Samakaab, pursuant to the Connecticut Fair Employment Practices Act, General Statutes § 46a-60 et seq., against his employer, the defendant state of Connecticut Department of Social Services (DSS). The plaintiff claims that he was denied a promotion to the position of eligibility services supervisor on December 1, 2013, because of his age, sex, Somalian descent, and his prior opposition to unlawful employment practices.

The defendant has moved for summary judgment on the plaintiff's claims because he cannot establish a prima facie case of discrimination or retaliation and, in any event, the decision not to promote him was made for a legitimate, nondiscriminatory and nonretaliatory reason. In support of its position, the defendant submitted portions of the plaintiff's deposition; exhibits to the deposition, which included: the plaintiff's affidavit of illegal discrimination provided to the Commission on Human Rights and Opportunities, the job description for eligibility supervisor, a letter to the commissioner of DSS signed by the plaintiff as well as others; the affidavit of Astread Ferron-Poole, the director of administration for DSS; and the affidavit of Lisa Wells, social services operations manager for DSS. The plaintiff submitted a brief in opposition to the motion for summary judgment as well as his affidavit; his deposition; the letter to the commissioner also submitted by the defendant; his responses to interrogatories; and letters and memos of recommendation and appreciation.

## DISCUSSION

"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact [however] a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue. . . . Mere assertions of fact, whether contained in a complaint or in a brief, are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . . As a general rule, then, [w]hen a motion for summary judgment is

filed and supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by . . . [the rules of practice], must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, summary judgment shall be entered against him. . . . Requiring the nonmovant to produce such evidence does not shift the burden of proof. Rather, it ensures that the nonmovant has not raised a specious issue for the sole purpose of forcing the case to trial. . . . [H]owever, one important exception exists . . . to the general rule that a party opposing summary judgment must provide evidentiary support for its opposition . . . . On a motion by [the] defendant for summary judgment the burden is on [the] defendant to negate each claim as framed by the complaint . . . . It necessarily follows that it is only [o]nce [the] defendant's burden in establishing his entitlement to summary judgment is met [that] the burden shifts to [the] plaintiff to show that a genuine issue of fact exists justifying a trial. . . . Accordingly, [w]hen documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Squeo* v. *Norwalk Hospital Assn.*, 316 Conn. 558, 593–95, 113 A.3d 932 (2015).

Section 46a-60 provides in relevant part: "(a) It shall be a discriminatory practice in violation of this section: (1) For an employer, by the employer or the employer's agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex, gender identity or expression, marital status, national origin, ancestry, present or past history of mental disability, intellectual disability, learning disability or physical disability, including, but not limited to, blindness . . . (4) For any person, employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because such person has opposed any discriminatory employment practice or because such person has filed a complaint or testified or assisted in any proceeding under section 46a-82, 46a-83 or 46a-84 . . . ."

"The framework for the burden of production of evidence and the burden of persuasion in an employment discrimination case is well established. [*McDonnell Douglas Corp*. v. *Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)] and subsequent decisions have established an allocation of the burden of production and an order of presentation of proof . . . in discriminatory-treatment cases. . . . First, the [complainant] must establish a prima facie case of discrimination.

. . . In order to establish a prima facie case, the complainant must prove that: (1) he is in the protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) that the adverse action occurred under circumstances giving rise to an inference of discrimination. . . . Once the complainant establishes a prima facie case, the employer then must produce legitimate, nondiscriminatory reasons for its adverse employment action. . . . This burden is one of production, not persuasion; it can involve no credibility assessment. . . . After the plaintiff has established a prima facie case, and the defendant has produced evidence of a legitimate, nondiscriminatory reason for the employment action, [t]he plaintiff retains the burden of persuasion. [The plaintiff] now must have the opportunity to demonstrate that the [defendant's] proffered reason was not the true reason for the employment decision. This burden now merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination. [The plaintiff] may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. . . . Employment discrimination therefore can be proven either directly, with evidence that the employer was motivated by a discriminatory reason, or indirectly, by proving that the reason given by the employer was pretextual. . . . Evidence establishing the falsity of the legitimate, nondiscriminatory reasons advanced by the employer may be, in and of itself, enough to support the trier of fact's ultimate finding of intentional discrimination." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Jacobs* v. *General Electric Co.*, 275 Conn. 395, 400–401, 880 A.2d 151 (2005). "Although intermediate evidentiary burdens shift back and forth under this framework, [t]he ultimate burden of persuading the trier of fact that the [employer] intentionally discriminated against the [complainant] remains at all times with the [complainant]." (Internal quotation marks omitted.) *Dept. of Transportation* v. *Commission on Human Rights & Opportunities*, 272 Conn. 457, 463 n.9, 863 A.2d 204 (2005).

The defendant argues that the plaintiff's claims of discrimination fail because his allegations do not support a prima facie case of discrimination. "To establish a prima facie case of discrimination in the employment context, the plaintiff must present evidence that: (1) [he] belongs to a protected class; (2) [he] was subject to an adverse employment action; and (3) the adverse action took place under circumstances permitting an inference of discrimination. . . . To establish the third prong, a litigant may present circumstantial evidence from which an inference may be drawn that similarly situated individuals were treated more favorably than

[he] was. . . . To be probative, this evidence must establish that the plaintiff and the individuals to whom [he] seeks to compare [himself] were similarly situated in all *material* respects . . . ." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Perez-Dickson* v. *Bridgeport*, 304 Conn. 483, 514, 43 A.3d 69 (2012). "[T]he standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases, rather than a showing that both cases are identical. . . . In other words, the comparator must be similarly situated to the plaintiff in all material respects." (Citation omitted; internal quotation marks omitted.) *Ruiz* v. *County of Rockland*, 609 F.3d 486, 494 (2d Cir. 2010).

The plaintiff principally relies on his own affidavit and deposition in support of his claims. The court agrees with the defendant that they contain mostly self-serving and unsupported claims. "The party opposing a motion for summary judgment must present evidence that demonstrates the existence of some disputed factual issue . . . . The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist. . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents. . . . The opposing party to a motion for summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Emphasis omitted; internal quotation marks omitted.) *Gianetti* v. *Health Net of Connecticut, Inc.*, 116 Conn. App. 459, 464–65, 976 A.2d 23 (2009). "Although the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion . . . a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment. . . . A party opposing a motion for summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) *Tuccio Development, Inc.* v. *Neumann*, 111 Conn. App. 588, 594, 960 A.2d 1071 (2008).

Even considering the plaintiff's evidence, it does not support a finding that an issue of fact exists as to the validity of his claims. The plaintiff alleges that a number of females, as well as one male, were promoted instead of him. Some he claims were younger than he was. Most he claims were promoted because of their personal relationship with management, not as a result of discrimination. The defendant argues that the employees

the plaintiff references were not similarly situated because they were not promoted as a result of the applicant pool for the position for which the plaintiff applied. Of the two employees referenced in the plaintiff's brief, Randalyn Muzzio and Deidre Smith, Muzzio was the only one who was in the same applicant pool as the plaintiff. But she was promoted by reclassification, which requires a different process of approvals. As to Smith, the plaintiff's claim does not relate to her promotion, but her being given the opportunity to temporarily serve in a higher class. His discrimination claim here does not relate to the loss of such opportunities, but to his failure to be promoted to eligibility services supervisor. Thus, the plaintiff's evidence does not support a finding that a disputed issue of fact exists as to whether the circumstances surrounding the denial of his promotion would give rise to an inference of discrimination.

The defendant also claims that the plaintiff's discrimination claims fail because DSS had a legitimate, nondiscriminatory reason for not promoting him. The court agrees. The plaintiff was rated unacceptable overall following his interview for the eligibility supervisor position and therefore not eligible to be considered for the position. The plaintiff also has not demonstrated that DSS' reasons for not promoting him were pretextual. Although the plaintiff claims that the interviewer, Wells, was hostile to him, the other interviewer rated him unacceptable as well. The plaintiff has submitted no evidence that would indicate that the ratings were unsupported or based on discriminatory motives. Although the plaintiff claims that he was not a half hour late, as the interviewers noted, or rambled, as they also noted, the evidence submitted does not raise into the question the validity of the other conclusions reached by the interviewers. They noted that he "did not provide clear examples to resolve staff difficulties," "he did not come prepared for interview, responses were long and drawn out but lacked substance," and "displays neediness for additional support in making decisions." Both interviewers concluded that they "could not determine supervisory or leadership qualities based on responses." Interviewers of the plaintiff for promotion in 2012 also noted that his supervisory ability was not evident. Therefore, the plaintiff has failed to provide evidence which would indicate that there is an issue of fact as to whether he was the subject of discrimination in the denial of promotion.

The defendant also claims that the plaintiff cannot establish a claim of retaliation. The court agrees. "To establish a prima facie case of retaliation, an employee must show (1) the employee was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action." (Internal quotation marks omitted.) *Darden* v.

*Stratford*, 420 F. Supp. 2d 36, 45 (D. Conn. 2006). "Relying on Second Circuit case law, Connecticut courts have found that [a] protected activity is an action taken to protect or oppose statutorily prohibited discrimination. These actions can include the filing of formal charges of discrimination, as well as, informal protests of discriminatory employment practices, including complaints to management, writing critical letters to customers, protecting against discrimination by industry and expressing support of co-workers who have filed formal charges." (Internal quotation marks omitted.) *Lewis* v. *Golden Hawk, LLC*, Superior Court, judicial district of New Haven, Docket No. CV-12-6030233S, 2015 WL 36846666, *4 (May 20, 2015) (*Nazzaro, J.*). The letter the plaintiff references as the basis for his claim of retaliation is basically a complaint about management. It references "managers' malfeasance," their stifling of "debate, innovation and communications," and waste of resources. The letter suggests the managers should be replaced. There is no reference to any claim that the signatories were protesting or opposing discrimination but only what they perceived as bad management. The plaintiff, in his brief in opposition to summary judgment, characterizes the letter as raising "significant management and morale issues." This does not constitute evidence that the plaintiff opposed a discriminatory employment practice as required to establish a retaliation claim pursuant to § 46a-60.

### CONCLUSION

The motion for summary judgment is granted.

\* Affirmed. *Samakaab* v. *Dept. of Social Services*, 177 Conn. App. 52, A.3d     (2017).

------------------------