******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

ANDREW BASSFORD ET AL. *v.* FRANCES Z.
BASSFORD ET AL.
(AC 39087)

Lavine, Alvord and Bear, Js.

*Syllabus*

The plaintiffs, the children of the decedent, appealed to the trial court from
the orders issued by the Probate Court admitting the decedent's will
and determining, inter alia, that he was competent to revoke and to
receive certain property from a trust he had settled. The plaintiffs
claimed, inter alia, that the trial court improperly concluded that the
decedent, an involuntarily conserved person, had the testamentary
capacity to execute the will and that the defendant B, the decedent's
widow, had not exercised undue influence over the decedent in securing
the execution of his will. The trial court rendered judgments dismissing
the plaintiffs' appeals, from which the plaintiffs appealed to this court.
*Held* that the trial court properly found in favor of B on all of the issues
and rendered judgments dismissing the plaintiffs' appeals; because the
trial court's memorandum of decision thoroughly addressed the argu-
ments raised in this appeal, this court adopted the trial court's well
reasoned decision as a proper statement of the facts and the applicable
law on the issues.

Argued December 4, 2017—officially released March 20, 2018

*Procedural History*

Two appeals from the orders of the Probate Court
for the district of Middletown admitting a certain will
and determining, inter alia, the revocability of a certain
trust, brought to the Superior Court in the judicial dis-
trict of Middlesex, where the court, *Domnarski, J.*,
granted the plaintiffs' motion to consolidate; thereafter,
the matter was tried to the court, *Hon. Barbara M.
Quinn*, judge trial referee; judgments dismissing the
appeals, from which the plaintiffs appealed to this
court. *Affirmed.*

*Carmine Perri*, for the appellants (plaintiffs).

*Joseph A. Hourihan*, with whom, on the brief, were
*Teresa Capalbo* and *Annette Smith*, for the appellee
(named defendant).

*Opinion*

PER CURIAM. The plaintiffs, Andrew Bassford, Zelda W.B. Alibozek, and Jonathan Bassford, appeal from the judgments of the trial court, dismissing their consolidated appeals from the Court of Probate for the district of Middletown. On appeal, the plaintiffs claim that the trial court erred as a matter of law by concluding that the decedent, William W. Bassford, an involuntarily conserved person, (1) was competent (a) to revoke a certain trust he had settled and (b) to receive and retain interest in real property, (2) had the testamentary capacity to execute a will, and (3) was not under the undue influence of the defendant Frances Z. Bassford.[1] We affirm the judgments of the trial court.

The following procedural history underlies the appeal to this court. The decedent, a physician and World War II veteran, died on February 19, 2014. The plaintiffs are children of the decedent and his first wife, who predeceased him. The defendant is the decedent's third wife and, at the time of his death, had been married to him for more than thirty years.

Prior to his death, the decedent suffered increasingly from physical and psychiatric ailments, which required hospitalizations in the Institute of Living in Hartford, where he responded well to medical treatment. In October, 2011, the defendant filed an application for the appointment of a conservator of the decedent's person and estate. Although the plaintiffs agreed that a conservator should be appointed for the decedent, they disagreed that the defendant should be his conservator. On November 14, 2011, following a hearing, the Probate Court appointed the defendant to be the decedent's conservator. Conflict between the parties continued.

Although the decedent had executed a last will and testament many years prior to his death, he executed a new will on May 7, 2012 (2012 will). In his 2012 will, the decedent distributed various items of personal property to Andrew Bassford, Zelda W.B. Alibozek, and certain of his grandchildren, and $1 to Jonathan Bassford. The remainder of his estate he left to the defendant. The plaintiffs contested the admission of the will to probate and challenged its validity on the basis of the decedent's alleged lack of testamentary capacity and the alleged exercise of undue influence on the part of the defendant. Following a two day hearing, the Probate Court found that the 2012 will had been executed properly, that the plaintiffs had failed to prove by clear and convincing evidence that the defendant had exercised undue influence over the decedent in executing the 2012 will, and that the decedent had the testamentary capacity to execute the 2012 will. The Probate Court admitted the 2012 will to probate and named the defendant executrix of the decedent's estate.

On July 7, 2006, the decedent settled the William W.

Bassford Irrevocable Trust (trust) that held title to the home in which he and the defendant resided and to an individual retirement account, but on June 25, 2012, the trustees reconveyed the property in the trust to the decedent. Following the decedent's death, the plaintiffs asked the Probate Court to determine title to the trust's holdings. Specifically, the Probate Court was asked to determine whether the trust was irrevocable, thus invalidating the trustees' conveyance of the real property back to the decedent, and whether the decedent had the capacity to revoke the trust and receive property from it. The Probate Court found, pursuant to the articles of the trust, as opposed to the title of the trust instrument, that the trust was revocable and that the decedent, despite being a conserved person, was capable of receiving the property in the trust.

On December 22, 2014, the plaintiffs commenced an appeal from the Probate Court's decision regarding the trust, in part claiming that the court erred in failing to find that the trust was unambiguously irrevocable. On March 31, 2015, the plaintiffs commenced an appeal from the Probate Court's decision regarding the 2012 will, in part claiming that the court erred in admitting the will to probate. Thereafter, the plaintiffs filed a motion to consolidate the probate appeals, which was granted by the court, *Domnarski, J.*

The court, *Hon. Barbara M. Quinn*, judge trial referee, tried the probate appeals in December, 2015. The issues before the court were (1) whether the decedent lacked testamentary capacity to execute the 2012 will, (2) whether the trust was irrevocable and therefore its revocation was improper, (3) whether the decedent lacked the capacity to accept the deed for the property held by the trust, and (4) whether the defendant had exercised undue influence in securing the execution of the 2012 will. The court issued a memorandum of decision on March 24, 2016, in which it found in favor of the defendant on all of the issues and dismissed the appeals. The plaintiffs appealed to this court.

The claims raised by the plaintiffs in this court are the same claims they raised in the trial court. We have examined the record on appeal, the briefs and arguments of the parties, and conclude that the judgments of the trial court should be affirmed. Because the trial court's memorandum of decision thoroughly addresses the arguments raised in this appeal, we adopt that court's well reasoned decision as a proper statement of the facts and the applicable law on the issues. *Bassford* v. *Bassford*, Superior Court, judicial district of Middlesex, Docket Nos. CV-15-6012903-S and CV-15-6013338-S (March 24, 2016) (reprinted at 180 Conn. App. 335). It would serve no useful purpose for this court to engage in any further discussion. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *Samakaab* v. *Dept. of Social Services*, 178 Conn. App.

52, 54, 173 A.3d 1004 (2017).

The judgments are affirmed.

[1] The defendants at trial were Frances Z. Bassford, the decedent's widow; Theodore V. Raczka, an attorney, temporary administrator of the estate of the decedent; and Henry L. Long, Jr., and William Long, trustees of the William W. Bassford Irrevocable Trust. Frances Z. Bassford is the only defendant who is a party to this appeal, and in this opinion, we refer to her as the defendant.

---