******************************************

    The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

    All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

    The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

NICHOLAS ADAMS *v.* COMMISSIONER
OF MOTOR VEHICLES
(AC 40272)

Alvord, Keller and Bishop, Js.

*Syllabus*

The plaintiff, who had been charged with the crime of operating a motor
vehicle while under the influence of intoxicating liquor or drugs in
violation of statute (§ 14-227a), appealed to the trial court from the
decision by the defendant Commissioner of Motor Vehicles suspending
his motor vehicle operator's license for forty-five days, pursuant to
statute (§ 14-227b [g]), for his refusal to submit to a urine test to deter-
mine his blood alcohol content. The trial court rendered judgment dis-
missing the appeal, from which the plaintiff appealed to this court,
challenging the findings of the hearing officer that there was probable
cause for his arrest, that he refused to submit to chemical testing or
analysis and that he had been operating a motor vehicle. *Held* that the
judgment of the trial court dismissing the plaintiff's appeal was affirmed;
the trial court having thoroughly addressed the arguments raised in this
appeal, this court adopted the well reasoned and clearly articulated
decision of the trial court as the opinion of this court.

Argued January 22—officially released May 22, 2018

*Procedural History*

Appeal from the decision by the defendant sus-
pending the plaintiff's motor vehicle operator's license,
brought to the Superior Court in the judicial district
of New Britain and tried to the court, *Huddleston, J.*;
judgment dismissing the appeal, from which the plain-
tiff appealed to this court. *Affirmed.*

*Jonathan Ross Sills*, for the appellant (plaintiff).

*Christine Jean-Louis*, assistant attorney general,
with whom, on the brief, was *George Jepsen*, attorney
general, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Nicholas Adams, appeals from the judgment of the trial court rendered in favor of the defendant, the Commissioner of Motor Vehicles (commissioner), dismissing his appeal from the decision of the commissioner to suspend his motor vehicle operator's license, pursuant to General Statutes § 14-227b,[1] for forty-five days and requiring an ignition interlock device in his motor vehicle for one year. On appeal, the plaintiff claims that the court erred in finding that (1) he was operating a motor vehicle; (2) he refused to submit to chemical testing; and (3) the police had probable cause to arrest him for operating under the influence in violation of General Statutes § 14-227a.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On May 14, 2016, the plaintiff was arrested and charged with operating under the influence of liquor or drugs in violation of § 14-227a.[3] The plaintiff submitted to a Breathalyzer test, but refused a urine test. As a result of this refusal, and in accordance with § 14-227b, the plaintiff's motor vehicle operator's license was suspended by the Department of Motor Vehicles (department) for forty-five days, effective June 13, 2016, and he was required to install and maintain an ignition interlock device in his vehicle for one year thereafter.

Subsequently, the plaintiff requested, and was granted, an administrative hearing to contest the license suspension. The administrative hearing was held on June 8, 2016, before a department hearing officer, acting on behalf of the commissioner. The hearing officer rendered a decision the same day as the hearing, ordering the suspension of the plaintiff's motor vehicle operator's license or operating privilege for forty-five days and the installation of an ignition interlock device for one year thereafter.

On June 17, 2016, the plaintiff filed an appeal in the Superior Court pursuant to General Statutes § 4-183, challenging the findings of the hearing officer that (1) there was probable cause to arrest him for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both; (2) he refused to submit to a chemical testing or analysis; and (3) he was operating the motor vehicle. A one day trial took place before the court on December 1, 2016. On March 7, 2017, the court dismissed the plaintiff's appeal and rendered judgment in favor of the commissioner. This appeal followed.

Having carefully reviewed the record, the briefs submitted by the parties, and applicable law, we find no error in the trial court's determination. Accordingly, we adopt the well reasoned and clearly articulated decision of the trial court, en toto, as the opinion of this court.

See *Adams* v. *Commissioner of Motor Vehicles*, Superior Court, judicial district of New Britain, Docket No. CV-16-6033742-S (March 7, 2017) (reprinted at 182 Conn. App. 169); see also *Samakaab* v. *Dept. of Social Services*, 178 Conn. App. 52, 54, 173 A.3d 1004 (2017).

The judgment is affirmed.

[1] General Statutes § 14-227b is commonly referred to as the implied consent statute. *Santiago* v. *Commissioner of Motor Vehicles*, 134 Conn. App. 668, 674, 39 A.3d 1224 (2012).

Section § 14-227b provides in relevant part: "(a) Any person who operates a motor vehicle in this state shall be deemed to have given such person's consent to a chemical analysis of such person's blood, breath or urine and, if such person is a minor, such person's parent or parents or guardian shall also be deemed to have given their consent. . . .

"(c) If the person arrested refuses to submit to such test or analysis . . . the police officer, acting on behalf of the Commissioner of Motor Vehicles, shall immediately revoke and take possession of the motor vehicle operator's license . . . . The police officer shall prepare a report of the incident and shall mail or otherwise transmit in accordance with this subsection the report and a copy of the results of any chemical test or analysis to the Department of Motor Vehicles within three business days. . . .

"(e) (1) . . . [T]he Commissioner of Motor Vehicles may suspend any operator's license or nonresident operating privilege of such person effective as of a date certain, which date shall be not later than thirty days after the date such person received notice of such person's arrest by the police officer. Any person whose operator's license or nonresident operating privilege has been suspended in accordance with this subdivision shall automatically be entitled to a hearing before the commissioner to be held in accordance with the provisions of chapter 54 and prior to the effective date of the suspension. The commissioner shall send a suspension notice to such person informing such person that such person's operator's license or nonresident operating privilege is suspended as of a date certain and that such person is entitled to a hearing prior to the effective date of the suspension and may schedule such hearing by contacting the Department of Motor Vehicles not later than seven days after the date of mailing of such suspension notice. . . ."

[2] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle (1) while under the influence of intoxicating liquor or any drug or both, or (2) while such person has an elevated blood alcohol content. . . ."

[3] The plaintiff also was charged with evading responsibility in violation of General Statutes § 14-224 (a) and (b), and failure to drive right in violation of General Statutes § 14-230. Those charges are not at issue in this appeal.