******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

BRANDON SMITH *v.*
BL COMPANIES,
INC., ET AL.
(AC 40368)

Lavine, Sheldon and Bright, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendants, B Co. and F, for alleged professional negligence in connection with an incident in which the plaintiff fell from a retaining wall onto a driveway approximately six feet below and sustained injuries. The plaintiff previously had brought an action against B Co., which had supervised the construction of the wall, and alleged that the wall constituted an absolute and public nuisance. The trial court in that action rendered summary judgment for B Co., concluding that the pleadings and exhibits did not support the claim that B Co. had control of the property on which the retaining wall was constructed. Thereafter, the plaintiff brought this action, alleging that the defendants were negligent. The trial court granted the defendants' motion for summary judgment, determining that the negligence claim was barred by res judicata in light of the judgment on the merits in the nuisance action. From the judgment rendered thereon, the plaintiff appealed to this court, claiming that the trial court improperly concluded that the prior judgment on the nuisance claim precluded him from bringing a subsequent negligence claim against the defendants, which had not been pleaded in the previous action but was predicated on the same nucleus of fact. *Held* that the trial court properly rendered summary judgment in favor of the defendants; the claims raised by the plaintiff in this court essentially having been the same as those he raised in the trial court, which thoroughly addressed the arguments raised in this appeal in its memorandum of decision, this court adopted the trial court's well reasoned memorandum of decision as a proper statement of the facts and applicable law on the issues.

Argued September 12—officially released October 30, 2018

*Procedural History*

Action to recover damages for the defendants' alleged professional negligence, brought to the Superior Court in the judicial district of Fairfield, where the court, *Kamp, J.*, granted the defendants' motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*A. Reynolds Gordon*, with whom was *Frank A. DeNicola, Jr.*, for the appellant (plaintiff).

*Jared Cohane*, with whom were *Luke R. Conrad* and *Julia O'Brien*, general counsel, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Brandon Smith, appeals from the summary judgment rendered by the trial court in favor of the defendants, BL Companies, Inc. (company), and James Fielding, on the ground of res judicata. Specifically, the plaintiff claims that the trial court erred as a matter of law by concluding that a prior judgment on a nuisance claim precluded the plaintiff from bringing a subsequent negligence claim that was predicated on the same nucleus of fact but not pleaded in the previous action. We affirm the judgment of the trial court.

The following facts and procedural history underlie the appeal to this court. The town of Redding (town) hired the company to survey, design, engineer, inspect, and supervise the "Streetscape Project," which included the construction of a block retaining wall. On September 17, 2011, at approximately 2 a.m., the plaintiff fell off the retaining wall onto a driveway approximately six feet below, sustaining multiple injuries.

The plaintiff first brought an action against the town, its contractor, M. Rondano, Inc., and the company, alleging that the retaining wall constituted an absolute and public nuisance because it was not fenced off and no warning was provided. On December 5, 2014, the court, *Radcliffe, J.*, rendered summary judgment in favor of the company on the ground that the pleadings and exhibits did not support the claim that the company had control of the property on which the retaining wall was constructed. The plaintiff appealed from the judgment of the trial court, but then withdrew his appeal.

Thereafter, the plaintiff brought this second action against the defendants, alleging negligence. On April 3, 2017, the trial court, *Kamp, J.*, granted the defendants' motion for summary judgment on the ground that the negligence claim was barred by res judicata in light of the previous judgment on the merits of the nuisance cause of action.[1] The plaintiff appeals from the rendering of summary judgment in the negligence action.

The claims raised by the plaintiff in this court are essentially the same claims he raised in the trial court when he opposed the motion for summary judgment. We have examined the record on appeal, the briefs and arguments of the parties, and conclude that the judgment of the trial court should be affirmed. Because Judge Kamp's memorandum of decision thoroughly addresses the arguments raised in this appeal, we adopt that court's well reasoned decision as a proper statement of the facts and applicable law on the issues. *Smith* v. *BL Cos.*, Superior Court, judicial district of Fairfield, Docket No. CV-16-6055532 (April 3, 2017) (reprinted at 185 Conn. App.  ,  A.3d  ). It would serve no useful purpose for this court to engage in any

further discussion. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *Samakaab* v. *Dept. of Social Services*, 178 Conn. App. 52, 54, 173 A.3d 1004 (2017).

The judgment is affirmed.

[1] Although James Fielding was not a party in the first action, the trial court concluded that the judgment in the first action precluded any claim against him in this action because he is in privity with the company. The plaintiff has not challenged this conclusion.