******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

DREY ANDRADE *v.* LEGO SYSTEMS, INC.
(AC 41322)

Lavine, Moll and Bear, Js.

*Syllabus*

The plaintiff brought this action against the defendant for alleged employ-
ment discrimination after the defendant terminated his employment,
claiming that the defendant had discriminated against him on the basis
of his sexual orientation in violation of statute (§ 46a-60 [a] [1]). The
trial court granted the defendant's motion for summary judgment and
rendered judgment thereon, from which the plaintiff appealed to this
court. He claimed that the trial court improperly determined that there
was insufficient evidence from which a reasonable jury could conclude
that the circumstances surrounding the termination of his employment
could give rise to an inference of discrimination on the basis of his
sexual orientation. *Held* that trial court properly rendered summary
judgment in favor of the defendant; that court's memorandum of decision
thoroughly addressed the claim and arguments raised in this appeal,
and this court adopted the trial court's well reasoned decision as a
proper statement of the facts and applicable law on the issues.

Argued February 7—officially released March 19, 2019

*Procedural History*

Action to recover damages for alleged employment
discrimination, and for other relief, brought to the Supe-
rior Court in the judicial district of Hartford, where the
court, *Bright, J.,* granted the defendant's motion for
summary judgment and rendered judgment thereon,
from which the plaintiff appealed to this court.
*Affirmed.*

*James V. Sabatini,* for the appellant (plaintiff).

*Victoria Woodin Chavey,* with whom was *Collin
O'Connor Udell,* for the appellee (defendant).

*Scott Madeo* filed a brief for the Commission on
Human Rights and Opportunities as amicus curiae.

*Opinion*

PER CURIAM. In this employment discrimination action, the plaintiff, Drey Andrade, appeals from the summary judgment rendered by the trial court in favor of the defendant, Lego Systems, Inc. On appeal, the plaintiff claims that the trial court improperly concluded that there was insufficient evidence from which a reasonable jury could conclude that the circumstances surrounding the defendant's termination of the plaintiff's employment could give rise to an inference of discrimination on the basis of his sexual orientation. We affirm the judgment of the trial court.

The record and the trial court's opinion reveal the following relevant facts and procedural history. The plaintiff was employed by the defendant on or about October 12, 2009, as Distribution Operations Manager CED. In that position, the plaintiff reported to the defendant's Director of Distribution, Americas (director). In his complaint, the plaintiff alleged that he is a homosexual and that the defendant was aware of his sexual orientation. He further alleged that the director treated him in an adversely different manner than she treated other employees who reported directly to her. During a performance review in September, 2010, the director informed the plaintiff that his performance with respect to his communication skills, collaboration, and trust building with his manager and employees whom he supervised was deficient, and that he needed to improve. She provided him with a performance plan. In subsequent performance reviews, the director informed the plaintiff of her continuing concerns regarding his job performance and once offered to transfer him to another position where he could apply his operational strengths, but would be free from managing other employees. The plaintiff addressed some of his deficient performance issues, but concerns remained. The plaintiff was again placed on a performance plan, which he did not satisfactorily address. The defendant terminated the plaintiff's employment on May 9, 2013.

The plaintiff commenced an action against the defendant on August 22, 2014, alleging that the defendant discriminated against him on the basis of his sexual orientation in violation of General Statutes § 46a-60 (a) (1). After the pleadings were closed, the defendant filed a motion for summary judgment, claiming that judgment should be rendered in its favor because the plaintiff had failed to present evidence from which a rational fact finder could infer that the defendant terminated his employment on the basis of his sexual orientation. On January 26, 2018, the trial court granted the defendant's motion for summary judgment. The plaintiff appealed.

On the basis of our review of the record, the briefs, and the arguments of the parties, we conclude that the

judgment of the trial court should be affirmed. Because the court's memorandum of decision thoroughly addresses the claim and arguments raised in this appeal, we adopt its well reasoned decision as a proper statement of the facts and the applicable law on the issues. See *Andrade* v. *Lego Systems, Inc.*, Superior Court, judicial district of Hartford, Docket No. CV-14-6053523-S (January 26, 2018) (reprinted at 188 Conn. App.        ,        A.3d      ). It would serve no useful purpose for this court to engage in any further discussion. See, e.g., *Samakaab* v. *Dept. of Social Services*, 178 Conn. App. 52, 54, 173 A.3d 1004 (2017); see also *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010).

The judgment is affirmed.

––––––––––––––––––––––––