******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# LIBERTY TRANSPORTATION, INC.
# *v.* MASSACHUSETTS BAY
# INSURANCE COMPANY
## (AC 41553)

DiPentima, C. J., and Moll and Norcott, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant insurance company for, inter alia, breach of contract in connection with lost rental income and damage to certain of its real property that was sustained during a hurricane. The defendant filed a motion to dismiss, asserting that the plaintiff lacked standing to bring its claim for lost rental income because it had sold the property to a third party and assigned the rights to the insurance proceeds to that third party pursuant to the terms of the real estate purchase agreement. The plaintiff claimed that it had standing and was entitled to the insurance proceeds because the damage occurred before it entered into the real estate purchase agreement with the third party and because it had retained an interest in the damaged rental units as a result of its decision to exercise a leaseback provision in that agreement. The trial court granted the defendant's motion to dismiss, concluding, inter alia, that the plaintiff lacked standing because, by virtue of the assignment, it had no legal interest in the insurance proceeds. The trial court thereafter rendered judgment for the defendant, from which the plaintiff appealed to this court. *Held* that the trial court properly granted the defendant's motion to dismiss and rendered judgment dismissing the plaintiff's complaint; because the trial court's memorandum of decision thoroughly addressed the arguments raised in this appeal, this court adopted the trial court's well reasoned decision as a proper statement of the facts and the applicable law on the issues.

Argued March 18—officially released April 30, 2019

*Procedural History*

Action to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Shapiro, J.*, granted the defendant's motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Stuart G. Blackburn*, with whom, on the brief, was *Paige B. Durno*, for the appellant (plaintiff).

*Stephen O. Clancy*, with whom, on the brief, was *Jessica A. R. Hamilton*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Liberty Transportation, Inc., appeals from the judgment of the trial court granting the motion to dismiss filed by the defendant, Massachusetts Bay Insurance Company. The dispositive issue in the appeal is whether the court properly concluded that the plaintiff lacked standing to commence this action. We affirm the judgment of the trial court.

The plaintiff set forth the following allegations in its complaint. In August, 2011, the plaintiff owned property located at 11 High Street in Suffield, which the defendant insured for, inter alia, property damage, loss of income and fair rental value. On or about August 28, 2011, the property suffered wind and water damage during a hurricane. As a result, the plaintiff claimed to have sustained damages for lost income and lost fair rental value, and made an insurance claim to the defendant. The defendant declined to pay the plaintiff's claim. In August, 2013, the plaintiff commenced this action against the defendant. Its complaint set forth claims for breach of contract and breach of the implied covenant of good faith and fair dealing. It sought money damages, interest, attorney's fees, costs, and any other relief deemed appropriate by the court. The defendant filed an answer and raised several special defenses on January 8, 2016.

On September 6, 2017, the defendant filed a motion to dismiss pursuant to Practice Book § 10-30. Specifically, the defendant argued that the plaintiff lacked standing to bring its claim for lost rental income for two commercial units at the property because the plaintiff had sold the property to a third party on January 10, 2012,[1] and had assigned any insurance money for any damages existing at the time of the January, 2012 real estate closing.[2] Specifically, it stated: "[The] [p]laintiff's assignment of its rights to any potentially recoverable insurance proceeds to [the third party] unequivocally extinguished [the] [p]laintiff's corresponding right to recover those amounts. [The] [p]laintiff, therefore, lacks standing to maintain this action on its own behalf."

On October 6, 2017, the plaintiff filed a memorandum of law in opposition to the defendant's motion to dismiss. It argued that the loss of rental income occurred before the formation of the real estate purchase agreement. The plaintiff further claimed it was "classically aggrieved in that it has a specific interest in the claimed insurance proceeds . . . [and] suffered a loss due to the breach of contract by the [defendant] and has standing to bring this action." It also contended that it had retained an interest in the damaged units as a result of its decision to exercise a leaseback provision as set forth in the real estate purchase agreement.[3]

On March 27, 2018, the court, *Shapiro*, *J.*, issued

a memorandum of decision granting the defendant's motion to dismiss. It first addressed the defendant's argument that the plaintiff had assigned the rights to the insurance proceeds to the third party pursuant to the terms of the real estate purchase agreement. It specifically explained: "An assignment is a transfer of property or some other right from one person (the assignor) to another (the assignee), which confers a complete and present right in the subject matter to the assignee. . . . Succession by an assignee to exclusive ownership of all or part of the assignor's rights respecting the subject matter of the assignment, and a corresponding extinguishment of those rights in the assignor, is precisely the effect of a valid assignment." (Citations omitted; internal quotation marks omitted.) The court concluded that a valid assignment had occurred.

The court was not persuaded by the plaintiff's arguments that (1) it was entitled to the insurance proceeds because the damage had occurred before it entered into the real estate purchase agreement with the third party and (2) the execution of the leaseback provision in the real estate purchase agreement established its interest in the property such that it had standing. The court also rejected the plaintiff's claim that a separate agreement with the defendant entitled the plaintiff to any insurance moneys. Indeed, the plaintiff had failed to provide the court with a copy of this alleged separate agreement. The court granted the defendant's motion, concluding that "the plaintiff lacks standing in the present case because, by virtue of the assignment, it has no legal interest in alleged insurance proceeds that are due and payable on account of damage to the [property]." This appeal followed.

We carefully have examined the record and the briefs and arguments of the parties, and conclude that the judgment of the trial court should be affirmed. Because the trial court's memorandum of decision thoroughly addresses the arguments raised in this appeal, we adopt that court's well reasoned decision as a proper statement of the facts and the applicable law on the issues. *Liberty Transportation, Inc.* v. *Massachusetts Bay Ins. Co.*, Superior Court, judicial district of Hartford, Docket No. CV-13-6044771-S (March 27, 2018) (reprinted at 189 Conn. App.    ,    A.3d    ). It would serve no useful purpose for this court to engage in any further discussion. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *Bassford* v. *Bassford*, 180 Conn. App. 331, 335, 183 A.3d 680 (2018); *Samakaab* v. *Dept. of Social Services*, 178 Conn. App. 52, 54, 173 A.3d 1004 (2017).

The judgment is affirmed.

[1] The defendant attached a copy of the real estate purchase agreement for 11 High Street in Suffield. Generally, "[w]hen a . . . court decides a . . . question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a

manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . .

"[I]f the complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss . . . other types of undisputed evidence . . . and/or public records of which judicial notice may be taken . . . the trial court, in determining a jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint. . . . Rather, those allegations are tempered by the light shed on them by the [supplementary undisputed facts]. . . . If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits . . . or other evidence, the trial court may dismiss the action without further proceedings." (Citation omitted; internal quotation marks omitted.) *Caron* v. *Connecticut Pathology Group., P.C.*, 187 Conn. App. 555, 563–64,      A.3d      (2019); *Norris* v. *Trumbull*, 187 Conn. App. 201, 209–10, 201 A.3d 1137 (2019).

[2] Paragraph 12 of the real estate purchase agreement provides: "The [plaintiff] assumes all risk of loss or damage to the [property] until closing and the PURCHASER assumes same upon closing. If any damage to the [property] shall not be restored prior to closing PURCHASER shall be required to close title to the [property] and shall receive in an amount not to exceed the purchase price all insurance monies recovered and recoverable on account of such damage. In the event of damage or loss [the plaintiff] shall immediately notify PURCHASER thereof and furnish to PURCHASER a written statement of the amount of insurance, if any, payable on account thereof."

[3] Paragraph 17 of the real estate purchase agreement provides in relevant part: "Notwithstanding the transfer of title, if a closing is had the [plaintiff] shall be entitled at its election to lease back the apartment located in the front of the building above the barber shop as presently configured and the small first floor one room office identified as Suite 1 for a term of one year from closing . . . . At PURCHASERS election [the plaintiff] may lease either or both of said units for a further one year terms at an increased rental . . . ."