******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

JAN GAWLIK *v.* SCOTT SEMPLE ET AL.
(AC 42550)

Elgo, Devlin and Sheldon, Js.

*Syllabus*

The plaintiff inmate sought declaratory and injunctive relief against the
defendants, current and former employees of the Department of Correc-
tion, alleging that they had wrongly withheld religious literature and
cards that had been mailed to him in violation of his rights to religious
freedom under the state and federal constitutions, and the applicable
state statute (§ 52-571b) and federal statute (42 U.S.C. § 2000cc et seq.).
The plaintiff also alleged that the applicable department administrative
directives that justified the defendants' actions were not promulgated
in accordance with the applicable statute (§ 4-166 et seq.) governing
administrative procedures. The trial court rendered judgment for the
defendants, and the plaintiff appealed to this court. *Held* that the trial
court properly rendered judgment for the defendants, and, because that
court's memorandum of decision thoroughly addressed the arguments
raised in this appeal, this court adopted the trial court's well reasoned
decision as a proper statement of the facts and the applicable law on
the issues.

Argued January 22—officially released April 28, 2020

*Procedural History*

Action for, inter alia, a judgment declaring that the
defendants violated the plaintiff's rights to religious
freedom, and for other relief, brought to the Superior
Court in the judicial district of New Haven and tried to
the court, *Ecker, J.*; judgment for the defendants, from
which the plaintiff appealed to this court. *Affirmed.*

*Jan Gawlik*, self-represented, the appellant
(plaintiff).

*Steven R. Strom*, assistant attorney general, with
whom, on the brief, was *William Tong*, attorney gen-
eral, for the appellees (defendants).

*Opinion*

PER CURIAM. The self-represented, incarcerated plaintiff, Jan Gawlik, brought this action for declaratory and injunctive relief against present and former employees of the Department of Correction (department)—namely, former Commissioner of Correction Scott Semple, District Administrator Angel Quiros, Warden Scott Erfe, and Simone Wislocki, a mail handler at the Cheshire Correctional Institution (Cheshire)—in their official capacities. The plaintiff alleged that the defendants had wrongly withheld from him religious literature, blank prayer cards and holiday cards in violation of his rights under the first amendment to the United States constitution; article first, § 3, of the constitution of Connecticut; the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc et seq. (2012); and the Connecticut Act Concerning Religious Freedom, General Statutes § 52-571b. The plaintiff also alleged that the applicable department administrative directives justifying the department's actions were not promulgated in accordance with the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq. The trial court rendered judgment in favor of the defendants, from which the plaintiff now appeals. We affirm the judgment of the trial court.

The record and the trial court's opinion reveal the following facts and procedural history. The plaintiff is presently incarcerated at Cheshire. While incarcerated, the plaintiff began studying to become a Catholic priest. In the course of his studies, the plaintiff ordered three used religious books, which were subsequently mailed to Cheshire. Upon arrival at Cheshire, these books were rejected by department personnel in accordance with department policy prohibiting inmates from receiving books that are not in "new condition." The plaintiff was also sent religious newspapers by some third party associated with Sts. Cyril and Methodius Church in Hartford. Because these were not sent directly from a publisher or commercial vendor, these newspapers were rejected in accordance with department policies. At various times, the plaintiff was mailed blank religious prayer cards by religious organizations in recognition of his monetary donations to these organizations. The prayer cards were rejected because department policy prohibits inmates from receiving mail containing blank envelopes. Last, the plaintiff was mailed a few religious and nonreligious holiday cards, some of which were homemade. These were rejected on the basis of concerns that such cards may be used to smuggle illegal drugs through the adhesives or decorative materials; nonetheless, the plaintiff received black and white photocopies of these cards.

On the basis of the rejection of these several items of mail, the plaintiff filed his complaint with the Superior Court on June 1, 2016. Following three days of evidence,

the court, *Ecker*, *J.*, issued a forty-three page memorandum of decision rendering judgment in favor of the defendants on all counts on September 4, 2018. This appeal followed.

Upon examination of the record on appeal and the briefs and arguments of the parties, we conclude that the judgment of the trial court should be affirmed. Because the court's memorandum of decision thoroughly addresses the arguments raised in this appeal, we adopt its well reasoned decision as a proper statement of the facts and the applicable law on the issues. See *Gawlik* v. *Semple*, Superior Court, judicial district of New Haven, Docket No. CV-16-5036776-S (September 4, 2018) (reprinted at 197 Conn. App.    ,    A.3d    ). It would serve no useful purpose for this court to engage in any further discussion. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *Samakaab* v. *Dept. of Social Services*, 178 Conn. App. 52, 54, 173 A.3d 1004 (2017).

The judgment is affirmed.

————————————————